THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED ABUHARBA,<br><br>    Plaintiff,<br><br>v.<br><br>NATHAN MCCARTHY, JOSHUA SCHOENBECK, ANTHONY JONES, ANTHONY WILLS, YVETTE BAKER, and ADEWALE KUFORIJI,<br><br>    Defendants. | Case No. 3:23-cv-03834-GCS |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Mohammed Abuharba, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while incarcerated at Menard Correctional Center ("Menard"). In the Complaint, Plaintiff alleges the defendants violated his due process rights in issuing a false disciplinary ticket, in violation of the Fourteenth Amendment. He also alleges an Eighth Amendment conditions of confinement claim for the conditions he experienced in segregation.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges that on December 9, 2021, while he was out on the yard, Menard correctional staff conducted a search of his cell. (Doc. 1, p. 3). After the search, Plaintiff was escorted to the North 2 cellhouse and placed in segregation. He was issued a ticket for "dangerous contraband" and "damage or misuse of property." *Id*. at p. 3-4. The ticket, issued by Nathan McCarthy, alleged that Plaintiff conspired to make a weapon using metal from the shelf in his cell. *Id*. at p. 4, 8-9. Plaintiff maintains that he did not remove metal from his shelf and the allegations were completely fabricated. *Id*. He alleges that the allegations in the ticket were vague, leaving him unable to prepare a proper defense.

On December 14, 2021, Plaintiff went before the adjustment committee. Joshua Schoenbeck and Anthony Jones found him guilty of the charges and sentenced him to four months in segregation (Doc. 1, p. 4). Plaintiff alleges that the decision failed to include any evidence. Warden Anthony Wills signed off on the findings. *Id*. Plaintiff also alleges that McCarthy, Schoenbeck, Jones, and Wills colluded to write and find him guilty of a false disciplinary ticket as part of a ploy to receive funding for a new camera system. *Id*. at p. 4-5. He alleges other inmates received similar, unsubstantiated tickets. *Id*. Plaintiff wrote a grievance about the disciplinary ticket, but his grievance was denied by Baker, Wills, and Kuforiji. *Id*. at p. 6.

Plaintiff alleges that while in segregation, he was subjected to atypical and significant conditions of confinement. (Doc. 1, p. 5). He alleges that he was denied a

shower for the entire first week and denied access to recreation for 90 days. *Id*. The cell in which Plaintiff was placed was extremely small, covered in rust, and had a bright light which never turned off. *Id*. He was unable to exercise or sleep in the cell. *Id*. He was also denied access to cleaning and hygiene supplies. The rust throughout the cell fell into his food and water. The cell was also covered in black mold. *Id*. The showers in segregation were dirty and were not cleaned on a regular basis. The showers often had other inmates' blood, saliva, feces, and urine. *Id*. Plaintiff stayed in segregation for four months.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** **Fourteenth Amendment due process claim against Nathan McCarthy, Joshua Schoenbeck, Anthony Jones, Anthony Wills, Yvette Baker, and Adewale Kuforiji for issuing Abuharba a false disciplinary ticket.**
>
> **Count 2:** **Eighth Amendment conditions of confinement claim against Yvette Baker, Anthony Wills, and Adewale Kuforiji for failing to remedy the conditions Abuharba faced while in segregation.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Count 1**

When an inmate raises a procedural due process claim, the Court undertakes a two-part analysis. *See Isby v. Brown,* 856 F.3d 508, 524 (7th Cir. 2017). The Court first evaluates whether the prisoner was deprived of a protected liberty interest, and then second, evaluates whether the process he was afforded was constitutionally deficient. *Id.* (citing *Hess v. Board of Trustees of Southern Illinois University*, 839 F.3d 668, 673 (7th Cir. 2016)). Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-569 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Plaintiff adequately alleges that he was deprived of a protected liberty interest. He alleges that he was subjected to segregation for four months and the conditions were unsanitary. Plaintiff also alleges that the disciplinary decision was not supported by any

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

evidence because the ticket was false. He alleges that officials colluded to charge him with making a weapon as part of a scheme to secure additional funding for security measures at the prison. Plaintiff's allegations suggest that the hearing body lacked impartiality and that the charges were not supported by "some evidence." Plaintiff further alleges that McCarthy issued the false charges, and Schoenbeck, Jones, and Anthony Wills found him guilty of the charges. Thus, Count 1 shall proceed against these officers.

Plaintiff also alleges that Defendants Yvette Baker and Adewale Kuforiji failed to remedy the issue with his disciplinary ticket when they denied his grievance. But prison officials cannot be held liable for simply denying Plaintiff's grievances. *See, e.g.*, *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus, to the extent that Plaintiff alleges Yvette Baker and Adewale Kuforiji also violated his due process rights in Count 1, they are **DISMISSED without prejudice**.

**Count 2**

Although Plaintiff alleges that he grieved the conditions he experienced in segregation and seeks to raise an Eighth Amendment conditions of confinement claim in Count 2, these officials cannot be liable for simply denying grievances related to his conditions. Further, there is no indication that he specifically spoke to any defendant about the conditions in segregation. Thus, the claim against Anthony Wills, Baker, and Kuforiji in Count 2 is **DISMISSED without prejudice**.

## DISPOSITION

For the reasons stated above, Count 1 shall proceed against Nathan McCarthy, Joshua Schoenbeck, Anthony Jones, and Anthony Wills. Count 2 and all claims against Yvette Baker and Adewale Kuforiji are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Nathan McCarthy, Joshua Schoenbeck, Anthony Jones, and Anthony Wills: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: March 12, 2024.**

Digitally signed by Judge Sison
Date: 2024.03.12 11:09:33 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**